UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMIN VAN ROOYEN,<br><br>                                  Plaintiff,<br><br>v.<br><br>EFFECTURE LLC and MANAGEMENT AND ENGINEERING TECHNOLOGIES INTERNATIONAL, INC.,<br><br>                                 Defendants. | Case No.:  3:25-cv-01025-JES-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 6]** |

Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") currently set for July 8, 2025. ECF No. 6.

Parties seeking to continue an ENE must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and

the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties seek a two-to-four-week continuance of the ENE and CMC. ECF No. 6. They explain that Defendant's lead counsel is unavailable on July 8, 2025, the date of ENE, because of a full-day mediation in another matter scheduled for the same date. *Id.* at 3. Further, Plaintiff's counsel is also unavailable on the ENE date because she will be out of the office on an international vacation. *Id.* Plaintiff's other counsel is also unavailable, "due [to] an unrelated matter." *Id.* The parties met and conferred, and found five proposed dates to reschedule the ENE that worked with all parties' and counsel's schedules, and have requested that the Court continue the ENE and CMC to July 23, July 24, July 25, August 6, or August 7. *Id.* at 4.

Despite the joint motion's shortcomings,[1] upon due consideration, the Court finds good cause for a continuance. As such, the Court **GRANTS IN PART** the parties' joint motion. ECF No. 6. Though the parties found dates that they were available to reschedule the ENE, those dates are unavailable on the Court's calendar. Court staff communicated this with the parties via email, and confirmed that all parties and all counsel are available on the instant alternative date. Email from Chambers (June 13, 2025, at 4:30 PM); Email to Chambers (June 13, 2025, at 4:36 PM); Email to Chambers (June 16, 2025, at 5:02 PM). Further, though the parties "intend to file their ENE Statements, along with the names and titles of each participant, no later than July 1, 2025, the current due date[,]" (ECF No. 6 at

---

[1] The Court notes that the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"). The Court will take the parties at their word without the required declaration, but will not do so again.

4), the Court prefers that the parties use the additional time to continue propounding discovery and discussing settlement, and thus has extended the pre-conference deadlines[2] so that the ENE Statements can be fully up to date. The Court orders as follows:

1.  The ENE and CMC originally scheduled for July 8, 2025, are **RESET** for **August 15, 2025** at **2:00 p.m.** *via videoconference* before Magistrate Judge Allison H. Goddard. In accordance with the Local Rules, the Court requires attendance of all parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation via videoconference. CivLR 16.1(c)(1).

2.  **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

3.  **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods,*

---

[2] The Court also notes that the first pre-conference deadline is for the parties to meet and confer pursuant to Fed. R. Civ. P. 26(f). This deadline was June 17, 2025. ECF No. 5 at 3. The instant motion was filed on June 13, 2025. ECF No. 6. By filing the motion four days before the affected deadline, the parties failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion no less than seven calendar days before the affected date") (emphasis added). Though the Court could assume that the parties have already complied with the June 17, 2025, deadline, hence its omission from the instant motion, the Court nevertheless extends the deadline by one week as a courtesy.

*Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

4. **Confidential ENE Statements Required:** No later than **August 7, 2025**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less. There is not a page limit on exhibits.** Each party's ENE statement must outline:

    A.    the nature of the case and the claims,

    B.    position on liability or defense,

    C.    position regarding settlement of the case with a **specific**[3] **demand/offer for settlement**,[4] and

    D.    any previous settlement negotiations or mediation efforts.

The Court may use GenAI tools to review the information that the parties submit. Either party may object to the Court's use of such tools by advising the Court's law clerk of that objection when they submit the information. The Court will respect that objection without any further explanation, and the Court's law clerk will only communicate to Judge Goddard that there was an objection, not which party made the objection.

5. **Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC")

---

[3] A general statement, such as that a party "will negotiate in good faith," is <u>not</u> a specific demand or offer.

[4] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

pursuant to Fed. R. Civ. P. 16(b). Appearance of the parties at the CMC is not required. The Court orders the following to occur before the CMC:

    A.    The parties must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **June 24, 2025**.

    B.    The parties must file a Joint Case Management Statement by **August 4, 2025**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found on the court website at: https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

    C.    Initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **July 8, 2025**.

6.    **Appearances via Videoconference Required:** All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions. To facilitate the videoconference ENE, the Court hereby orders as follows:

    A.    The Court will use its official Zoom video conferencing account to hold the ENE. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[5] Joining a Zoom conference does not require

---

[5] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[6] There is a cost-free option for creating a Zoom account.

B. Prior to the start of the ENE, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation.

C. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the conference begins promptly at 2:00 p.m.

D. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[7] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence.

---

[6] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

[7] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

    Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

E. No later than **August 7, 2025**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

 i. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

 ii. An **e-mail address for each participant** to receive the Zoom videoconference invitation;

 iii. A **telephone number where each participant** may be reached; and

 iv. A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

F. All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the videoconference.

G. Counsel are advised that although the ENE will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding

in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

      H.    If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only in the main session.

7. **New Parties Must be Notified by Plaintiff or Plaintiff's Counsel:** Plaintiff's counsel must give notice of the ENE to any Defendants who have been served but who have not yet filed responsive pleadings as of the date of this Order. If any Defendants have not yet been served, Plaintiff's counsel must serve them with a copy of this Order along with the summons and complaint.

8. **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

9. Questions regarding this case or these mandatory guidelines may be directed to Judge Goddard's law clerks at (619) 557-6162. Lodged statements should be emailed to efile_goddard@casd.uscourts.gov.

**IT IS SO ORDERED.**

Dated: June 16, 2025

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge